IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES HUFF and                        :
VINITTA HUFF
     Plaintiffs                :

    v.                                :   Civil No. WDQ 06-2710

HYUNDAI MOTOR AMERICA                  :
    Defendant
                                ooOOoo

## MEMORANDUM

Now before the Court is a *pro se* complaint filed by James and Vinitta Huff against

Hyundai Motor America, a corporation located in Fountain Valley, California.  Plaintiffs seek

damages in the amount of $48,500, and allege that the electrical system of their Hyundai motor

vehicle is "fatally flawed." Complaint at 1.

In order for this Court to hear or decide a case, it must first have jurisdiction over the

subject matter of the litigation.  Federal district courts are courts of limited jurisdiction.  They

possess only that power authorized by the Constitution and federal statute. *See e.g. Willy v.*

*Coastal Corp.* 503 U.S. 131, 136-37 (1992).  The two most commonly recognized and used bases

for federal jurisdiction are when a federal question is presented or where there is diversity of

citizenship of the parties. 28 U.S.C. §§ 1331 [1] & 1332.[2]  The allegations in this Complaint do not

---

[1]    Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, law or treaties of the United States.

[2]    Section 1332(a) provides in relevant part:
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
(1) citizens of different States; [and]

(2) citizens of a State and citizens or subjects of a foreign state.

fall within the scope of either jurisdictional basis.

Plaintiffs bring this action based on diversity of citizenship of the parties. *See* 28 U.S.C. §1332. In actions based on diversity jurisdiction, the amount in controversy must exceed the sum of $75,000. *See id.* As the amount in controversy here is less than that prescribed by statute, the Court may not exercise diversity jurisdiction over this matter.

Further, the Complaint fails to allege a cognizable federal claim over which this Court may exercise federal question jurisdiction. The allegations presented do not demonstrate that the case "arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint states a cause of action for breach of contract, a matter for the state courts, absent diversity jurisdiction.

Accordingly the Court shall *sua sponte* dismiss this case for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12(h)(3). A separate Order consistent with this Memorandum follows.

Date: October ____, 2006.

William D. Quarles, Jr.
United States District Judge

2